No. 4870.

(Court of Appeal, Parish of Orleans.)

## DR. L. DE POORTER vs. VICTOR HAYDEL.

G. L. Dupre, Jr., Jas. Legendre and A. L. Baer for appellant.

J. C. Hollingsworth for appellee.

DUFOUR, J.—A motion to dismiss this devolutive appeal is made on the ground that the bond is defective, because it does not set forth in substance that it is given as surety that the appellant herein will prosecute his appeal and satisfy whatever judgment should be rendered against him.

Without expressing any view as to the merits of the contention, we must decline to consider the motion as made too late.

A motion based on any informality or irregularity of the bond should be made within three days after the record is filed in this court.

The appeal was returnable and was filed on September 7th, and the motion was not filed until October 25th.

Motion denied.

November 29, 1909.

## On the Merits.

GODCHAUX, J.—The plaintiff, a physician and surgeon and a specialist in the treatment of diseases of the ear, nose and throat, sues the defendant for compensation for services rendered to the latter's daughter, Norma Haydel, alleging that he was employed by the father to render these services. The petition alleges that plaintiff was to perform an operation upon and treat the daughter for empyema of the **right** maxillary antrum for an agreed fee of $125.00, and that, having performed this service and having received ($60.00) sixty dollars in part payment, he is now entitled to the balance of the fee—namely, sixty-five ($65.00) dollars.

Plaintiff further alleges that thereafter he was again employed by defendant to treat his daughter, this time for a disease of the **left** maxillary antrum and of the **left** frontal sinus, but that no set fee was agreed upon; that the services rendered under this second employment comprehended 406 visits and treatments, for which the usual charge is $2.00 each, and that he is entitled to recover, as upon a **quantum meruit**, the sum of eight hundred and twelve ($812.00) dollars for these services, or a total of eight hundred and seventy-seven ($877.00) dollars under both employments, for which sum, with legal interest from judicial demand, he prays judgment.

The answer admits the first employment at a fixed fee of $125.00 for treating the right maxiliary antrum, but claims that this fee was to be earned and paid in the event only that plaintiff effected "a complete cure of this antrum." Alleging that no cure was in fact ever effected, liability for the balance of $65.00 under this employment is denied, and, moreover, prescription of one, two and three years is pleaded against this balance.

As to the second employment, the defendant, in addition to claiming that the charges demanded are unreasonable and exorbitant, denies that he employed the plaintiff or that he had any knowledge of or consented, directly or indirectly, to the services claimed to have been rendered, and alleges that if plaintiff was employed at all, the employment came directly from the daughter; that his daughter is of age and married, and that the services, or a great part thereof, were rendered after her minority had ceased; that even if these services were rendered to a minor, they were of such character that a father would not be liable for them; and that, if any compensation is due, it is a liability of the daughter, of which he had no knowledge, and the payment of which he neither guaranteed nor at any time agreed to become liable or responsible for.

The employment for the treatment of the right maxillary antrum being admitted, the sole issues raised by the pleadings as to that employment would be whether or not the agreed fee was contingent upon a final cure and, if such was the case, then whether or not a cure was actually effected. This first issue, however, need not be determined for the evidence fully establishes that the disease of the right maxillary antrum was in fact cured shortly prior to March 1, 1905; and this proof under the pleadings is sufficient to authorize a recovery of the balance of $65.00. Upon this same subject the evidence shows that the fixed fee of $125.00 was to be paid in installments of sixty dollars ($60.00) when the operation was performed, and of the balance when the cure was complete, and as the latter contingency arose on March 1, 1905, and the suit was instituted and service made on defendant prior to March 1, 1908, the prescription of three years, under **Article 3538, R. C. C.,** does not apply.

With respect to the second employment it will be noted that the defendant pleads the majority of his daughter

and the fact that he neither authorized or consented to nor had any knowledge of the services claimed to have been rendered. Were the Court to confine the defendant strictly to his pleadings and to these defenses, the case could easily be disposed of, for the evidence clearly shows that the daughter was a minor and unmarried during the entire period of the rendition of these services, and, moreover, that the father had full and complete knowledge that they were being rendered and consented thereto and authorized same.

The defendant, however, upon the trial of the case endeavored to claim that the disease which developed in the left maxillary antrum and left frontal sinus was due to and communicated from the disease which existed in the right maxillary antrum and which the plaintiff had undertaken to cure for the stated fee of $125.00, and the defendant consequently claims that in as much as the one disease was simply a continuation of and caused by the other, the plaintiff is not entitled to receive more than the balance due of $65.00 of the fee fixed under the first employment. While, perhaps, the defendant in good faith believed this to be the case, still the testimony shows that the disease on the left side was wholly independent of that which existed upon the right side, and that there could have been and was, in fact, no communication of the disease from one side to the other. In as much, therefore, as the father was fully informed of and authorized the services that were rendered to his dalughter while the latter was a minor and unmarried, and as these services were rendered wholly independently of and subsequent to the first employment, the right of the plaintiff to recover of the father a fair and reasonable compensation for these services cannot be questioned.

It is shown that the services extended over a period

of more than two years during which time 406 professional visits and treatments took place in addition to three or four important surgical operations. The lower Court allowed plaintiff a judgment of six hundred ($600) dollars, including the balance of sixty-five ($65.00) dollars, due under the first employment, and this allowance appears to this Court as highly just and reasonable in view of the services rendered.

The judgment of the lower Court, however, allows legal interest from May 7, 1907, and must be amended in this respect in order to make it conform to the petition which prays for interest from judicial demand— namely, February 7, 1908.

It is, therefore, ordered and decreed that the judgment appealed from be amended so as to allow legal interest from February 7, 1908, instead of from May 7, 1907, and, as amended, the judgment is affirmed, the plaintiff to pay the cost of this appeal.